UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1243 CAS (AJWx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | ROBERT GUZMAN VARELA v. SHERALEE HECKROTH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) **DEFENDANTS' MOTION TO DISMISS** (filed 1/31/2012)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 14, 2012 is vacated, and the matter is hereby taken under submission.

On February 13, 2012, Robert Guzman Varela ("plaintiff") filed the instant action against Sheralee Heckroth; Denise Jennex; Daniel Vaughn; Candace Goble; Margarita Milnes; Mark Kay; Linda Mitchell; Carol Parker; Melody Warden (collectively "individual defendants"); Baldwin Park Education Association Twin Lakes Uniserv ("BPEA"); and California Teachers Association Region 3, Santa Fe Springs ("CTA"). Plaintiff alleges two claims, styled as: (1) violation of the First Amendment, and (2) violation of the Fourteenth Amendment and violation of Title VII of the Civil Rights Act of 1964. The gravamen of plaintiff's complaint is that his local teacher's union discriminated against him based on race and sex and retaliated against him for complaining about it.

On March 21, 2012, defendants filed the instant motion to dismiss. On March 23, 2012, plaintiff filed his opposition, and on April 23, 2012, plaintiff filled a supplemental opposition. On April 4, 2012, defendants filed their reply. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1243 CAS (AJWx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | ROBERT GUZMAN VARELA v. SHERALEE HECKROTH, ET AL. | | |

## II.  LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1243 CAS (AJWx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | ROBERT GUZMAN VARELA v. SHERALEE HECKROTH, ET AL. | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

#### A.  Plaintiff's First Claim for Violation of the First Amendment

Plaintiff appears to allege that defendants violated his First Amendment rights by (1) prohibiting him from recording union meetings, (2) seeking to prevent him from speaking about the union's discrimination, and (3) limiting his participation in the union. Compl. ¶¶ 39, 46–47.

Defendants move to dismiss plaintiff's First Amendment claim because defendants are not state actors. Mot. at 3–4.

In opposition, plaintiff asserts that defendants "had a duty" to the plaintiff and breached that duty by failing to "conform to the required standard of conduct." Supp. Opp'n at 6.

The Court finds that plaintiff fails to state a First Amendment claim. In order for the First Amendment's protections to apply, there must be state or government action. E.g. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). Because "labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1243 CAS (AJWx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | ROBERT GUZMAN VARELA v. SHERALEE HECKROTH, ET AL. | | |

organizations have traditionally been considered private, not public, entities," its actions must be attributable to the government, either by motivating the action or being a joint participant to the action. Hovan v. United Broth. of Carpenters and Joiners of America, 704 F.2d 641, 642, 645 (1st Cir. 1983). Here, plaintiff has failed to allege that any of the defendants are governmental entities or that their conduct could in any way be attributed to the government.[2] It is not enough to allege that defendants owed plaintiff a "duty"; rather, plaintiff must allege facts to support a finding that defendants were state actors.

Accordingly, defendants' motion to dismiss plaintiff's first claim is GRANTED without prejudice.

**B.    Plaintiff's Second Claim for Violation of the Fourteenth Amendment and Violation of Title VII**

Plaintiff alleges that defendants violated the Fourteenth Amendment and Title VII by preventing "nationalities other than white, from fairly participating in the union process." Compl. ¶ 48.

**1.    Fourteenth Amendment**

Defendants argue that plaintiff's Fourteenth Amendment claim should be dismissed because defendants did not engage in state action. Mot. at 5.

The Court finds that plaintiff fails to state a Fourteenth Amendment Claim. "[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States." Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Here, plaintiff has

---

[2]It is only in rare circumstances that First Amendment claims can proceed against unions. In Railway Emp. Dept. v. Hanson, 351 U.S. 225, 232 (1956), for example, railroad employees were permitted to proceed with a First Amendment claim against their union because the union had acted pursuant to a federal law that was intended to supercede state law. Id. No similar circumstances are present here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1243 CAS (AJWx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | ROBERT GUZMAN VARELA v. SHERALEE HECKROTH, ET AL. | | |

failed to demonstrate how the discriminatory actions of a union and its members can be fairly attributable to the state.

Accordingly, defendants' motion to dismiss plaintiff's second claim is GRANTED without prejudice insofar as it arises out of the Fourteenth Amendment.

### 2. Title VII

Defendants argue that plaintiff's Title VII claim should be dismissed because the allegations are conclusory and devoid of any facts. Mot. at 6–7. Additionally, defendants argue that plaintiff cannot maintain a Title VII claim against the individual defendants. Id. at 8.

In opposition, plaintiff merely states that the defendants "have been correctly sued" under Title VII. Supp. Opp'n at 9.

The Court finds that plaintiff's Title VII claim should be dismissed. To withstand a motion to dismiss, the nonconclusory factual content of the complaint must plausibly suggest that the plaintiff is entitled to relief. Moss, 572 F.3d at 969. Here, plaintiff simply repeats that defendants discriminated against him based on race and sex and retaliated against him when he complained about it. Iqbal, 129 S.Ct. at 1950 (legal conclusions need not be accepted as true). Plaintiff has failed to sufficiently allege the adverse actions taken against him and has failed to allege any facts suggesting racial or sex-based animus. Id. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'") (citing Twombly, 550 U.S. at 557).

Accordingly, defendants' motion to dismiss plaintiff's second claim is GRANTED without prejudice. Plaintiff is directed to allege actual facts in support of his claims.

### IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's complaint without prejudice. Plaintiff shall have **twenty (20) days**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1243 CAS (AJWx) | Date | May 9, 2012 |
|---|---|---|---|
| Title | ROBERT GUZMAN VARELA v. SHERALEE HECKROTH, ET AL. | | |

from the date of this order to file a first amended complaint that addresses the deficiencies outlined herein. Failure to do so will result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |